O

# United States District Court
# Central District of California

FANG YAN,

        Plaintiff,

   v.

DIRECTOR OF LOS ANGELES ASYLUM OFFICE FOR THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al.,

        Defendants.

Case № 2:22-cv-05846-ODW (MRWx)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [16]**

## I.        INTRODUCTION

Plaintiff Fang Yan brings this action to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate her application for asylum. (Compl., ECF No. 1.)  Defendants[1] now move to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(1) and 12(b)(6).  (Mot. Dismiss FAC ("Motion"

---

[1] Defendants consist of the Director of the Los Angeles Asylum Office for USCIS, the District Director of the Los Angeles District of USCIS, USCIS, the Director of the National USCIS, the Secretary of Homeland Security of the United States, and the United States Attorney General. (Compl. ¶¶ 7–12.)

1  or "Mot."), ECF No. 16.)  For the following reasons, the Court **GRANTS IN PART**
2  **AND DENIES IN PART** the Motion.[2]

3                            II.        **BACKGROUND**

4           Yan is a citizen of the People's Republic of China and a resident of Los
5  Angeles County, California.  (Compl. ¶ 6.)  On April 17, 2019, USCIS received Yan's
6  Form I-589, Application for Asylum and for Withholding of Removal
7  ("Application").   (*Id.* ¶ 13.)   USCIS issued a notice directing Yan to have her
8  fingerprints taken on May 3, 2019, which Yan did.  (*Id.* ¶ 14.)  However, USCIS has
9  yet to schedule an interview of Yan or to adjudicate Yan's Application.  (*Id.* ¶ 18.)

10          On August 17, 2022, Yan filed this action seeking declaratory and injunctive
11 relief and a writ of mandamus to compel USCIS to adjudicate her Application.  (*See*
12 *generally* Compl.)    Yan alleges that Defendants violated the Immigration and
13 Nationality Act ("INA"), the Administrative Procedures Act ("APA"), and her due
14 process rights by unreasonably delaying in the adjudication of her Application.  (*Id.*
15 ¶¶ 45–49.)

16          Defendants now move to dismiss the Complaint for lack of subject matter
17 jurisdiction under the APA, and failure to state a claim under the APA and the
18 Mandamus Act.  (Mot. 11–18)  The Motion is fully briefed.  (Opp'n, ECF No. 17;
19 Reply, ECF No. 18.)

20                           III.       **LEGAL STANDARDS**

21          Defendants move to dismiss the Complaint pursuant to both Rule 12(b)(1) for
22 lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

23 **A.    Rule 12(b)(1)—Lack of Subject Matter Jurisdiction**

24          "Federal courts are courts of limited jurisdiction," possessing "only that power
25 authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*,
26 511 U.S. 375, 377 (1994).  Pursuant to Rule 12(b)(1), a party may move to dismiss

27

28  _____

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the
matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

based on a court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

**B.     Rule 12(b)(6)—Failure to State a Claim**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to this standard, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, a

court need not blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.    DISCUSSION

The Court first addresses Defendants' arguments for dismissal under Rules 12(b)(1) for lack of subject matter jurisdiction under the APA and then turns to Defendants' arguments under Rule 12(b)(6) for failure to state a claim under the APA and the Mandamus Act.

### A.    Subject Matter Jurisdiction

Defendants argue that this Court lacks subject matter jurisdiction under the APA because (1) the INA precludes judicial review, and (2) the agency action at issue is committed to agency discretion by law. (Mot. 11–13.)

Generally, "the APA does not provide an independent basis for subject matter jurisdiction in the district courts." *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). However, the APA provides for "a limited judicial review for compelling agency action where the agency action is unlawfully withheld or unreasonably delayed." *Teymouri v. U.S. Citizenship & Immigr. Servs.*, No. 2:22-cv-07689-PA (JCx), 2022 WL 18717560, at *2 (C.D. Cal. Jan. 31, 2022); *see also* 5 U.S.C. § 706(1). "[T]hat limited cause of action does not apply where the agency action is not clearly required, where statute precludes judicial review, or where the agency action is committed to agency discretion." *Teymouri*, 2022 WL 18717560, at *2 (first citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64–65 (2004); and then citing *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).

Pursuant to the INA, "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii).  Additionally, "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed."  8 U.S.C. § 1158(d)(5)(A)(iii). However, the INA also bars any private right of action to enforce those timing requirements.  *See* 8 U.S.C. § 1158(d)(7) ("Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.").  Thus, courts in this district have "routinely held that asylum applicants lack a private right of action to enforce the timing requirements of § 1158(d)(5)(A)."  *Teymouri*, 2022 WL 18717560, at *3 (quoting *Liuqing Zhu v. Cissna*, No. 2:18-cv-09698-PA (JPRx), 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019) (collecting cases)).

Here, Yan seeks an order "requir[ing] Defendants to adjudicate [Yan's] application for asylum." (Compl., Req. for Relief ¶ 2.)  However, Yan argues that she "does not seek to enforce the timing guidelines laid out in 8 U.S.C. § 1158(d)(5)(A)(ii), but rather uses the timing guidelines to make the argument that the agency's delay is unreasonable."  (Opp'n 5; *see also* Compl. ¶ 28.)

The Court finds that the INA's prohibition against a private right of action to enforce the timing requirements set forth in Section 1158(d)(5)(A) does not deprive the Court of subject matter jurisdiction here.  To begin with, the prohibition against a private right of action articulated in Section 1158(d)(7) does not preclude judicial review of USCIS's inaction under the APA.  *See Tailawal v. Mayorkas*, No. 2:22-cv-01515-SPG (RAOx), 2022 WL 4493725, at *3 (C.D. Cal. Aug. 18, 2022) (interpreting INA and concluding "there is no statutory preclusion preventing judicial review of USCIS's inaction under the APA").  Rather, it provides only that there is no private

right of action to enforce certain timing requirements in the INA. *See* 8 U.S.C. § 1158(d)(7). Moreover, Section 1158(d)(7) does not include the jurisdiction-stripping language found elsewhere in the INA. *See, e.g.*, 8 U.S.C. § 1158(a)(3) (providing "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)"); *see also* 8 U.S.C. § 1158(b)(2)(D) (providing "[t]here shall be no judicial review of a determination of the Attorney General under subparagraph (A)(v)"). "Had Congress intended § 1158(d)(7) to be a jurisdiction-stripping provision, it would have adopted the express language found in § 1158(a)(3) and § 1158(b)(2)(D)." *Varol v. Radel*, 420 F. Supp. 3d 1089, 1096 (S.D. Cal. 2019). But Congress did not do so, and "[w]hen a statute is 'reasonably susceptible to divergent interpretation,'" courts apply "the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 558 U.S. 233, 251 (2010). Thus, the Court finds that Section 1158(d)(7) does not deprive the Court of subject matter jurisdiction. *See Varol*, 420 F. Supp. 3d at 1096 (finding court possessed subject matter jurisdiction but plaintiff did not have private right of action under INA); *Tailawal*, 2022 WL 4493725, at *3 (same); *Hui Dong v. Cuccinelli*, No. 2:20-cv-10030-CBM (PLAx), 2021 WL 1214512, at *2 (C.D. Cal. Mar. 2, 2021) (same).

In addition, the Court finds that the agency action Yan asks the Court to review is not a discretionary act for which the Court lacks subject matter jurisdiction under the APA. Section 1158(d)(5)(A) provides that, absent exceptional circumstances, USCIS "shall" conduct an interview or hearing on an asylum application within 45 days and "shall" adjudicate an asylum application within 180 days. 8 U.S.C. § 1158(d)(5)(A)(ii), (iii). "The term 'shall' is usually regarded as making a provision mandatory, and the rules of statutory construction presume that the term is used in its ordinary sense unless there is clear evidence to the contrary." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1081 (9th Cir. 2016). Although USCIS has some discretion to delay an interview or adjudication of an asylum application under "exceptional circumstances," that does not negate the discrete and mandatory nature

of USCIS's duty to schedule the interview and to adjudicate the application.  *See Tailawal*, 2022 WL 4493725, at *3 (quoting *Vietnam Veterans*, 811 F.3d at 1081 ("[D]iscretion in the manner in which the duty may be carried out does not mean that the [agency] does not have a duty to perform a 'discrete action' within the meaning of § 706(a)")).

Accordingly, while Yan has no private right of action to enforce the time requirements set forth in Section 1158(d)(5)(A), the Court retains jurisdiction to hear her claims under the APA.  The Court **DENIES** Defendants' motion to dismiss for lack of subject matter jurisdiction.

**B.    Sufficiency of the Pleadings**

The Court next considers whether Yan states a plausible claim under the APA, the Mandamus Act, and the due process clause.

*1.    The Administrative Procedure Act*

Under the APA, an administrative agency is required to adjudicate "a matter presented to it" within a "reasonable time."  5 U.S.C. § 555(b).  Where an agency fails to do so, a "reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  However, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."  *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original); *see also Vietnam Veterans*, 811 F.3d at 1075 ("A court can compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action.").

To determine whether delay in administrative action is unreasonable under the APA, courts generally consider the following factors (commonly referred to as the "*TRAC* factors"):

(1)    the time agencies take to make decisions must be governed by a rule of reason;

(2)     where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3)     delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4)     the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5)     the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6)     the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecomm. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("*TRAC*") (internal citations and quotation marks omitted).

Yan argues that Defendants' delay has been unreasonable, but does not allege facts, beyond her submission of the Application in April 2019, to establish an unreasonable delay. (*See generally* Compl.) Rather, Yan contends that Defendants' delay "cannot be considered reasonable." (*Id.* ¶ 28.) Moreover, Yan does not allege that USCIS is simply sitting on her application; indeed, Yan admits that the delay in the processing of her application is due, at least in part, to the COVID-19 pandemic. (*Id.*) As such, Yan fails to plausibly allege that Defendants delay is "unreasonable" pursuant to the *TRAC* factors.

The Court finds that each of the *TRAC* factors weigh in favor of finding that Defendants have not unreasonably delayed in adjudicating Yan's Application. As to the first and second factors, "courts consistently find that the last-in-first-out scheduling system ('LIFO') is a rule of reason." *Teymouri*, 2022 WL 18717560, at *4 (collecting cases). Moreover, although Congress provided a timetable for the adjudication of asylum applications in Section 1158(d)(5)(A), Congress also indicated

that USCIS retains limited discretion as to the timing of the adjudication of asylum applications under exceptional circumstances.  8 U.S.C. § 1158(d)(5)(A).  Here, Yan's application has been pending for just over four years.  While this is significantly longer than the 180-day timetable set forth in Section 1158(d)(5)(A), courts have found similar delays in the processing of I-589 applications to be reasonable.  *See, e.g.*, *Teymouri*, 2022 WL 18717560, at *4 (applying *TRAC* factors and finding five-year delay reasonable for I-589 application); *Varol,* 420 F. Supp. 3d at 1097 (applying *TRAC* factors and finding three-year delay reasonable for I-589 application).  Thus, the Court finds that the first and second *TRAC* factors favor Defendants.

The third and fifth *TRAC* factors—concerning whether human health and welfare are at stake and the nature and extent of the interests prejudiced by delay—also favor Defendants.  In the Complaint, Yan alleges that Defendants' delay has caused Yan "fear, despair, preoccupation and uncertainty," as well as deprived Yan of "the opportunity to timely obtain the substantial and unique benefits of asylum status," such as the freedom of movement and travel.  (Compl. ¶¶ 38–39.)  Yan also argues in the Opposition that her wait will be "indefinite" under USCIS's LIFO system.  (Opp'n 10.)  However, Yan can legally live and work in the United States pending adjudication of her application, as well as travel abroad with the prior consent of the Attorney General.   8 U.S.C. § 1158(c)(1).   Taken together, Yan's allegations demonstrate minimal risk to human health or welfare, and any prejudice Yan faces from delay is likewise faced by all asylum applications in similar positions.  Thus, the Court finds that the risk to human health and welfare and potential prejudice from delay in the processing of the Application favor denying relief.

Additionally, the fourth *TRAC* factor—concerning the effect of expediting delayed action on activities of a higher or competing priority—strongly favors Defendants.  USCIS faces competing priorities, such as adjudicating the petitions that were filed before Yan's and those that require expedited review due to exigent

circumstances.  (*See* Decl. John L. Lafferty ISO Mot. ¶ 27, ECF No. 16-1.)  Moreover, even where all of the other *TRAC* factors favor granting relief, courts have "refused to grant relief . . . where 'a judicial order putting [an applicant] at the head of the queue would simply move all others back one space and produce no net gain.'"  *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (cleaned up) (quoting *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991)). "Here, granting relief to [Yan] simply moves her to the front of the line at the expense of all other applicants who may not have filed an application for mandamus relief." *Varol*, 420 F. Supp. 3d at 1098.  Therefore, this factor weighs against granting relief.

Finally, the sixth *TRAC* factor states merely that "the court need not find any impropriety . . . in order to hold that agency action is unreasonably delayed."  *TRAC*, 750 F.2d at 80.   Thus, the Court need not consider whether any impropriety contributed to the delay here, and this factor is neutral.

Accordingly, because five of the *TRAC* factors weigh against granting relief and one is neutral, the Court finds that Yan fails to state a plausible claim for relief under the APA.  The Court **GRANTS** Defendants' motion to dismiss Yan's claim under the APA.

2.    *The Mandamus Act*

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.   "For mandamus relief, three elements must be satisfied: (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (cleaned up). However, "[m]andamus is an extraordinary remedy," and "[e]ven if the test is met, the district court still retains the discretion to deny relief."  *Id.*

Here, the Court finds that Yan fails at least the first prong of this test.  Yan's claim is not clear and certain.  As discussed above, *see supra* Part IV.A, the INA expressly bars a private right of action based on the timing requirements of 8 U.S.C. § 1158(d)(5)(A).   The Ninth Circuit has held that identical language in other immigration statutes foreclosed mandamus relief.  *See Campos v. I.N.S.*, 62 F.3d 311, 313–14 (9th Cir. 1995); *see also, e.g.*, *Pesantez v. Johnson*, No. 15 CIV. 1155 (BMC), 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) ("It is beyond serious dispute that mandamus . . . is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action."); *Pesic v. Perryman*, No. 99 C 3792, 1999 WL 639194, at *5 (N.D. Ill. Aug. 17, 1999) ("Where there is no private right of action under a statute, mandamus is not available.").

Moreover, Yan has not alleged facts which would justify the extraordinary remedy of moving her Application "to the front of the line at the expense of other applicants whom she has not alleged are less deserving of prompt adjudication." *Pesantez*, 2015 WL 5475655, at *3.

Accordingly, the Court finds that Yan fails to state a plausible claim under the Mandamus Act.  The Court **GRANTS** Defendants' motion to dismiss Yan's claim under the Mandamus Act.

     *3.     The Due Process Clause*

In the Reply, Defendants argue that Yan fails to allege a due process claim because she fails to provide a factual basis for her claim and her claim fails as a matter of law.  (Reply 9–10.)  Even if true, Defendants omit any argument regarding Yan's due process claim from their Motion.  (*See generally* Mot.)  Accordingly, Defendants waived these arguments.  *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ([A]rguments raised for the first time in a reply brief are waived.").

**C.    Leave to Amend**

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.

See Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Here, Yan requests leave to amend the Complaint to allege how her health and welfare are prejudiced by Defendants' delayed action. (Opp'n 14.)  In light of this request and the liberal standards for amending pleadings, the Court **GRANTS** Yan's request for leave to amend.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss **WITH LEAVE TO AMEND**. (ECF No. 16.)  Specifically, the Court **DENIES** Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and **GRANTS** Defendants' motion to dismiss for failure to state a claim under the APA and the Mandamus Act under Rule 12(b)(6).

**IT IS SO ORDERED.**

June 16, 2023

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

12